**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DARCEL RODULFO,

    Plaintiff,

vs.                                                    No. CV 20-00735 KG/SCY

FRESNIUS MEDICAL CARE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On August 13, 2021, Defendant Fresenius Medical Care filed a Rule 37(C) Motion to Exclude Witnesses (Doc. 29). Plaintiff Darcel Rodulfo responded on August 31, 2021 (Doc. 35), and Defendant replied on September 24, 2021 (Doc. 40). The Motion is fully briefed. After considering the arguments of counsel, the briefing, and the law, the Court will deny the Motion.

**1.    Background**

On June 16, 2020, Plaintiff filed a Complaint with the Second Judicial District Court, county of Bernalillo, New Mexico. On July 22, 2020, Defendant removed the case to federal court based on diversity. Doc. 1. The single-count Complaint alleges that Defendant discriminated against Plaintiff under the New Mexico Human Rights Act (NMHRA). *Id.* ¶ 19. An allegation in the Complaint is that because of Defendant's actions, "Plaintiff has suffered emotional distress damages and costs, including attorney's fees." Doc. 1 ¶ 18.

The deadline for Plaintiff to disclose experts under Rule 26(a)(2) was November 20, 2020. That day, Plaintiff served Defendant with her Preliminary Expert (Treating Providers) Witness List [Expert Disclosure], which identified Dr. Samir K. Kassicieh D.O. as an "Expert (Treating Providers) Witness." Doc. 16 at 1. The Expert Disclosure stated that Dr. Kassicieh may

1

testify "as to his discussion with [Plaintiff] about her depression and anxiety resulting from her employment with Defendant." *Id.* The Expert Disclosure did not include a Curriculum Vitae, Fee Schedule, or Medical Records, which Plaintiff stated she would supply later. *Id.* On November 23, 2020, Plaintiff produced Dr. Kassicieh's Curriculum Vitae and Fee Schedules but did not provide Plaintiff's medical records. Doc. 29-1 at 8.

Defendant served interrogatories on the Plaintiff asking the Plaintiff to identify "each and every physician, psychiatrist, psychologist, social worker or other health care provider or facility that you have visited, consulted or received treatment from relative to any physical or emotional condition you allege occurred as a result of your employment with Defendant" and any that Plaintiff had "visited, consulted or received treatment from relative to any physical or emotional condition in the preceding five (5) years." Doc. 29-1 ¶¶ 6-7. On January 26, 2021, Plaintiff served her responses to these interrogatories, identifying only Dr. Kassicieh as a treating physician. *Id.*

On May 28, 2021, Defendant's counsel wrote an email to Plaintiff's counsel to inquire about the missing "summary of facts and opinions" for Dr. Kassicieh. *Id.* at 15. Plaintiff's counsel responded on June 1, 2021, indicating that although Plaintiff had requested the required summary, Dr. Kassicieh had not yet provided it. *Id.* at 17. Plaintiff's counsel assured Defendant that when she received the summary, she would forward it to Defendant. *Id.*

Defendant deposed Plaintiff on July 7, 2021. Doc. 29-1 at 23. During the deposition, Defendant's counsel asked whether Plaintiff had "seen anyone for emotional distress." In response, Plaintiff disclosed she had seen a second provider for "emotional stuff." *Id.* at 26:18. When asked for further information, Plaintiff could not provide the name of the therapist. *Id.* at

2

26:21-23. Plaintiff did not offer an explanation as to why she had not revealed this information earlier. *Id.* at 27:5-8

On July 11, 2021, Defendant's counsel followed up with Plaintiff's counsel with an email asking for further information about the newly disclosed therapist. Doc. 29-1 at 20.

On July 13, 2021, Plaintiff served supplemental responses, which identified Michelle Buettel, LSW, of Odyssey Counseling as a licensed social worker who had treated Plaintiff. Doc. 29 at 4. Plaintiff stated that she saw Ms. Buettel "for ongoing emotional distress, and depression with support and therapy, as discussed in her medical records." *Id.* Plaintiff did not hand over the relevant records. *Id.* Although Defendant served Odyssey Counsel a subpoena duces tecum for Plaintiff's therapy records, at the time this Motion was filed, Defendant had not yet received them. *Id.* at 5. Discovery closed on July 30, 2021. Doc. 27.

On August 27, 2021, Plaintiff provided Defendant with an Amended Expert (Treating Providers) Witness List, which identifies both Dr. Kassicieh and Ms. Buettel as expert witnesses. Doc. 40-1 at 2. The Amended Expert List states, "Ms. Buettel may testify as to discussions with Ms. Rodulfo about her ongoing emotional distress, and depression with support and therapy, as discussed in her medical records. *Id.*

2. **Legal Standards**

A party must make an expert disclosure "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2) creates two distinct types of expert witnesses: (1) a retained expert witness and (2) a non-retained expert witness. A party who intends to present a retained witness must deliver a comprehensive written and signed expert report as explained in Rule 26(a)(2)(B)(i)-(vi). If the party's proposed witness is a non-retained expert witness, the party must disclose (i) the subject matter on which the witness is expected to present

evidence ...; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Rule 26(a)(2)(C)(i)-(ii). "Treating physicians generally fall into the latter category and are not subject to the retained expert report requirement if they limit their testimony to matters within the scope of the care and treatment of their patients." *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995).

Rule 37 provides sanctions for those that do not comply with the expert witness requirements. A party that fails to disclose a Rule 26(a) expert witness cannot "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Under the rule, a party may also be liable for fees and costs. *Id.* A party may avoid the sanctions delineated in Rule 37 by demonstrating "its failure to comply with [Rule 26(a)(2)(B)] was either justified or harmless and therefore deserving of some lesser sanction." *Wilson v. Bradless of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).

"'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply, Inc., v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). In exercising its discretion, "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc.*, 170 F.3d at 993. Nevertheless, the following factors guide the Court's discretion: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen*, 287 F.3d at 953 (quoting *Woodworker's Supply*, 170 F.3d at 993). "[A]lthough a district court

need not mechanically recite the terms 'substantial justification' or 'harmlessness,' the district court's ultimate reasoning *should* reveal consideration of the *Woodworker's* criteria." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1201 (10th Cir. 2017) (emphasis in original) (further citation omitted).

**3.     Analysis**

Defendant asks the Court to employ Rule 37(c) and prohibit Plaintiff's unretained expert witnesses, Dr. Samir Kassicieh and licensed social worker Ms. Buettel, LSW, from testifying at trial. Defendant contends Dr. Kassicieh should not testify because Plaintiff did not provide the written summary report required by Rule 26(a)(2)(C). As for Ms. Buettel, Defendant submits that because Plaintiff did not disclose Ms. Buettel within the expert disclosure date or provide the necessary written summary she also should not testify. As additional sanctions, Defendant asks the court to award attorney fees and costs.

***Dr. Kassicieh***

It is undisputed that Plaintiff disclosed Dr. Kassicieh as a treating physician. But the parties disagree as to whether Plaintiff's expert disclosure met the requirements of Rule 26(a)(2)(C). According to Defendant, Plaintiff's disclosure did not include a written report, thus it did not comply with Plaintiff's disclosure obligations under Rule 26. Doc. 29 at 8. Plaintiff disagrees and counters, "treating Physicians are exempt from the requirements of submitting reports." Doc. 35 at 2. Plaintiff is correct that under the plain language of the rule, treating physicians do not have to file a written report; but Plaintiff is incorrect that a written report is the same thing as a written summary.

Rule 26(a)(2) is entitled *Disclosure of Expert Testimony*. Four subsections describe the requirements. Subsections (A) and (D) apply to all experts. Subsection (B), *Witnesses Who Must*

*Provide a Written Report* and subsection (C) *Witnesses Who Do Not Provide a Written Report* describe the two types of expert witnesses covered by Rule 26(a)(2). These subsections are often described as (B), retained and (C), unretained, Plaintiff more accurately describes them as (B) witnesses who are required to submit a written report and (C) witnesses who are not. Although Plaintiff's categories are not wrong, her conclusions are.

While subsection (C) witnesses need not provide a written report, subsection (C) obligates counsel to provide a summary of the "facts and opinions" to which the non-retained expert is expected to testify. *See* Rule 26(a)(2)(C). The Advisory Notes for the 2010 amendments to Rule 26(a)(2) explain that although the disclosure required under subsection (C) is "considerably less extensive," the subsection was adopted "to mandate summary disclosure of the opinions to be offered by expert witnesses who are not required to provide reports under Rule (a)(2)(B)." Fed. R. Civ. P. 26, Advisory Notes, Amendment 2010, subdivision (a)(2)(C). This Court has not exempted Plaintiff from this requirement, nor has Plaintiff acquired a stipulation from Defendant that she need not comply with this requirement. Thus, Plaintiff must provide the written summary described in Rule 26(a)(2)(C)(ii).

Alternatively, Plaintiff's counsel argues that the provided statement was a complying summary as it was the "best degree possible for a treating provider." Doc. 35 at 2. In support, Plaintiff proffers evidence of the numerous attempts he made to obtain a more detailed summary of facts and opinions from Dr. Kassicieh. Plaintiff concludes that "the disclosure still was substantially justified as Plaintiff contacted the expert to receive a summary of the facts and opinions but did not receive a response from the treating provider." *Id.*

The Court recognizes that it can be difficult to procure a summation from a non-retained witness. Significantly, the Advisory Notes advise courts evaluating Rule 26(a)(2)(C) reports to

6

"take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26, Advisory Notes, Amendment 2010, subdivision (a)(2)(C). Yet the rule does not exempt a party from the obligation because of a non-compliant witness. Notably, nothing in the Rule demands that the non-retained witness prepare the summary. Moreover, Rule 26(a)(2)(C) does not require the type of detail demanded of a Rule 26(a)(2)(B) expert. A well-prepared attorney should be able to articulate summarily what facts and opinions the proffered expert will bring to trial.

Plaintiff suggests that even if the Court finds she did not provide the necessary summary required by Rule 26(a)(2)(C), the omission was harmless error. Plaintiff asserts that (1) "Defendant had the opportunity to review the medical records and depose Dr. Kassicieh"; (2) "Plaintiff is willing to extend discovery and allow Defendant to amend its expert list"; (3) "a trial date has not been set for this matter"; and (4) Defendant has not shown prejudice. Doc. 35 at 3. Defendant objects, arguing that Plaintiff's counsel has proffered no adequate explanation for the delay, Plaintiff has not confirmed that Defendant will receive the requested summary," and "without the required disclosures, Defendant is still not able to depose Dr. Kassicieh." Doc. 40 at 4.

After thoroughly reviewing the record and the briefs, the Court finds that Plaintiff's error in failing to submit the required summary of facts and opinions is harmless for the following reasons. First, the Court observes that the purpose of the Rule 26(a)(2)(C) summary is to prevent unfair prejudice or surprise to the opposing party. The record indicates that Defendant cannot claim surprise that Plaintiff intended to offer Dr. Kassicieh as a non-retained expert who treated Plaintiff for alleged harms resulting from Defendant's termination of Plaintiff's employment.

Plaintiff disclosed both Dr. Kassicieh's name and address as a treating physician and provided a truncated summary of his proposed testimony. Although Defendant notes that Plaintiff did not turn over the medical records, Defendant does not argue it could not secure them. Tellingly, despite the missing summary, in the July 11, 2021, correspondence, Defendant's counsel indicates he is attempting to depose Dr. Kassicieh. Doc. 29-1 at 20 (stating "we have been trying to get a hold of Dr. Kassicieh's office to schedule his deposition, but we have not heard back"). Moreover, Rule 26(a)(2)(C) does not require counsel to turn over exhibits, which would include medical records, with a non-retained expert summary. Next, a trial date has not yet been set, so there is time for Plaintiff to cure any omissions in the proffered summary. Finally, although Defendant argues that Plaintiff's failure to deliver a compliant report demonstrates bad faith, the Court finds no evidence supporting that argument. Rather, the record suggests that both parties are confused about what Rule 26(a)(2)(C)(ii) requires.

As written, Rule 26(a)(2)(C)(ii) provides little clarity about what must be included in a non-retained expert summary and neither party cites any controlling cases. Defendant has contended that Plaintiff must deliver the type of report required by Rule 26(a)(2)(B). The Advisory Notes for Rule 26 explicitly reject that proposition. Fed. R. Civ. P. 26, Advisory Notes, Amendment 2010, subdivision (a)(2)(C) ("An (a)(2)(B) report is required only from an expert described in (a)(2)(B)"). After examining the language of the rule that states a non-retained witness must give a "summary of the facts and opinions to which the witness is expected to testify" and the applicable Advisory Notes, the Court finds that a numbered list summarizing each opinion and facts on which that opinion rests will meet the demands of Rule 26(a)(2)(C)(ii).

*Michelle Buettel*

Defendant also asks the Court to preclude Plaintiff from offering Ms. Buettel's testimony. Defendant's argument focuses on Plaintiff's failure to timely disclose that Ms. Buettel treated Plaintiff for depression and anxiety. The record shows that it was not until eight months after the deadline for expert disclosure that Plaintiff revealed during her deposition that her treatment by Ms. Buettel. Following her deposition, Plaintiff did file an Amended Expert (Treating Providers) Witness list, which identified both Dr. Kassicieh and Ms. Buettel and included a summary of Ms. Buettel's testimony like the one for Dr. Kassicieh. Defendant posits that Plaintiff's failure to give an adequate explanation for her omission of Ms. Buettel was in bad faith. But the record does not support Defendant's theory. In her deposition, Plaintiff's identification of an additional therapist, together with her inability to remember the therapist's name, suggests she had forgotten about Ms. Buettel, not willfully concealed her identity.

Defendant submits it has been further prejudiced because at the time of filing, it had been unable to get Plaintiff's medical records from Ms. Buettel's place of work. *See* Doc. 29-1 at 3. Although the Court does not know if Defendant has since acquired Plaintiff's medical records, Defendant has not explained how Plaintiff obstructed its access to them. Once a patient has signed a privacy release permitting a party to obtain a patient's medical records, the failure of a clinician to turn over the medical records cannot be attributed to the patient. Significantly, Defendant also does not allege that it asked for Plaintiff's help in gaining access to them.

Defendant's final argument focuses on the brevity of Ms. Buettel's non-retained expert written summary. But for the same reasons stated *supra*, the Court finds that Plaintiff's summary does not indicate bad faith. Thus, the Court concludes that the omission of Ms. Buettel in the initial expert disclosures was harmless.

## 4. Conclusion

The Court finds that Plaintiff's failure to name Ms. Buettel as a treating therapist by the expert disclosure deadline was harmless error that did not prejudice Defendant. As no trial date has been set, Defendant has both time and opportunity to prepare for Ms. Buettel's testimony. Furthermore, there is no indication that Plaintiff acted in bad faith. The Court further finds that Plaintiff's noncompliant summaries of Ms. Buettel's and Dr. Kassicieh's testimony also did not prejudice Defendant but resulted from the lack of clarity in Rule 26(a)(2)(C). Nonetheless, to expedite these proceedings the Court will require Plaintiff to submit Rule 26(a)(2)(C) summaries of both Ms. Buettel and Dr. Kassicieh's testimony to Plaintiff within 14 days of the entry of this memorandum opinion and order. Each summary must include a numbered brief statement of the facts and opinions Dr. Kassicieh and Ms. Buettel will offer at trial. If the requested summary is not timely provided to Defendant, the Court will enter an order that will preclude Ms. Buettel and or Dr. Kassicieh from testifying as non-retained expert witnesses.

Because the Court has found that Plaintiff's omissions were harmless error that did not prejudice Defendant, the Court further finds that attorney's fees and costs are not warranted at this time.

IT IS ORDERED:

1. Defendant Fresenius Medical Care's Rule 37(c) Motion to Exclude Witnesses is Denied (Doc. 29);
2. Within 14 days of the entry of this Memorandum Opinion and Order;
   a. Plaintiff must file with the Court a summary of the facts and opinions that will be offered at trial by non-retained expert Dr. Samir Kassicieh. Plaintiff must separately list and number each of Dr. Kassicieh's

        proffered opinions with a summary of the attendant facts informing each listed opinion;

    b.    Plaintiff must file with the Court a written summary of the facts and opinions that will be offered at trial by non-retained expert Michelle Buettel, LSW. Plaintiff must separately list and number each opinion with a summary of the attendant facts informing each listed opinion;

3.    If after reviewing the Plaintiff's non-retained expert reports of Dr. Kassicieh and Michelle Buettel, LSW, Defendant finds it necessary to amend its expert list, it must file an amended expert disclosure by no later than May 20, 2022.

_____
UNITED STATES DISTRICT JUDGE